## MOOR *v.* INTERSTATE MORTGAGE COMPANY OF TEXAS *et al.*

No. 8849. DECEMBER 15, 1932.

*Mitchell & Mitchell,* for plaintiff.

*John P. Stewart, Roy S. Drennan, Jones, Evins, Powers & Jones, McElreath & Scott, E. V. Carter,* and *Harvey Hatcher,* for defendants.

HILL, J. John F. Moor brought a petition for contribution against Interstate Mortgage Company of Texas, and others, alleging in substance the following: On January 1, 1929, petitioner was the holder of a note for $12,500, signed by Roy W. Hern, and secured by a loan deed executed on January 21, 1927, to described property in the City of Atlanta, known as 874 Gordon Street. On March 6, 1928, Roy W. Hern sold his equity in that property to Charles H. Cone, who owned equities in seven parcels of realty in the City of Atlanta, at a valuation of approximately $55,000. Cone failed to return all of said property for taxes to the City of Atlanta in the year 1929, and the property was assessed by the city tax-assessors. Cone failed to pay the taxes assessed against him, and a tax fi. fa. was issued against him in the sum of $1,043.34. The fi. fa. was not paid, and the marshal of the city levied on the property at 874 Gordon Street and sold it to E. F. Barber for $1,145.70, which amount paid the taxes on all of the property owned

by Charles H. Cone. In August, 1930, petitioner Moor, under the power in his loan deed, sold and bought in the property in controversy, and procured a sheriff's deed thereto, which was properly recorded. In order to clear the title to the property, petitioner procured a quitclaim deed to the property from E. L. Barber, the purchaser at tax sale, for $1,290.84. In equity all of the parcels of land assessed against Charles H. Cone should have paid their proportionate shares of taxes due under the tax fi. fa., but petitioner has been required to pay the taxes on all of the properties described in the petition for the year 1929, and they have paid no taxes for that year. The defendants held security deeds to the other properties belonging to Charles H. Cone, which have been foreclosed, and they now own the properties in their names. By the payment of the city taxes for the year 1929 Moor was subrogated to the lien and the rights which the city held against all the properties, and the present holders of said parcels of realty should pay the proportionate shares due by the respective parcels of land. Petitioner has no adequate remedy at law for the enforcement of his right to contribution; and to avoid a multiplicity of suits he comes into a court of equity and prays that each of the owners of the various parcels of property be required to contribute to him the share of taxes that each parcel should bear, and that these sums be declared special liens on the lands of the several defendants; and that he have judgment for these amounts. An amendment to the petition recited the particulars of the transfers of some of the property.

Demurrers were filed by the defendants, on the ground that the petition did not set out a cause of action against them. The judge sustained the demurrers, and the plaintiff excepted.

It appears from the record that there was no transfer of the fi. fa. for city taxes to a transferee under the provisions of the Civil Code (1910), § 1145, which would subrogate the latter to the right of the city. The city proceeded by advertisement and exposure of the property to sale to enforce the tax fi. fa., and E. L. Barber became the purchaser thereof. The property brought a sufficient amount to discharge the entire indebtedness of Cone to the city. The taxes were paid to the city; the city had no further interest in their collection. There was no outstanding transferee of the fi. fa. involved in this case. The marshal executed a deed to E. L. Barber. The plaintiff, by purchase from Barber, acquired whatever rights

Barber had; no more, no less.  Certainly Barber could not have asked that any portion of his own bid for this property offered at public sale should be returned to him, in the absence of fraud or misrepresentation.  So far as appears from the record, he had no interest to protect.  The plaintiff purchased from Barber without any transfer of the fi. fa. ever having been made by the city to any one, and under a contract of purchase which enabled him to secure something over $100 in the way of profit on the purchase-price paid by him. Barber executed to the plaintiff a quitclaim deed.  In these circumstances, we are of the opinion that the court did not err in sustaining the demurrer to the petition.  It is clear in this case that the money which was paid by the plaintiff was a mere matter of bargain and sale between himself and Barber, the purchaser at the tax sale, and we are of the opinion that the court was right in holding that there was no right of subrogation.

*Judgment affirmed.  All the Justices concur.*